FILED
2020 Apr-07 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MICHAEL COST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. ____________________ |
| | ) |
| HOOVER CH, LLC, a Foreign Limited Liability Company d/b/a Hendrick Chevrolet; | ) JURY TRIAL DEMANDED |
| HDJC, LLC, a Foreign Limited Liability Company d/b/a Hendrick Chevrolet; | ) |
| EDWARD A. WOODS, an individual d/b/a Eagles Auto Sales; | ) |
| LISA M. WOODS, an individual d/b/a Eagles Auto Sales; | ) |
| MICHAEL MANNING, an individual | ) |
| SANTANDER CONSUMER USA, Inc. a foreign corporation; | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

## I. INTRODUCTION

This action arises out of the pattern and practice of the Defendants to engage in the illegal and deceptive business practice of selling stolen vehicles with false and

improper Vehicle Identification Plates and numbers, as well as knowingly and intentionally selling automobiles with false and improper mileage disclosures.

Through this conduct, the Defendants are able to maximize profits by selling low cost stolen vehicles in which the VIN plates have been removed and falsified at list retail prices. This defrauds every future owner of the vehicle as well as allowing previously stolen vehicles to freely circulate in the stream of commerce. In carrying out this deceptive practice, the Defendants, Eagle Automotive and the Hendrick dealerships, as a pattern and practice, misuse their position and authority as a designated title agent for the State of Alabama to circumvent federal and state vehicle title laws which regulate title documents and mileage disclosures. Such laws are made to inhibit and impede the transfer of stolen vehicles and ensure the clear chain of title is not violated.

Even after the Defendants, Hendrick and Santander Consumer USA, Inc., were made aware that they had sold and financed a previously stolen vehicle, these Defendants attempted to continue to profit from the sale and transfer of a vehicle known to be stolen. Defendants have preyed on innocent, unwary, purchasers to carry out this scheme, and make huge profits from these illegal practices. Plaintiff requests this court put an end to this deceptive and illegal conduct, award Plaintiff damages as set forth herein, and enjoin the Defendants from such conduct in the future.

## II. JURISDICTION

1. This is not a diversity suit. Jurisdiction is proper under 28 U.S.C.A. §1331 and given to district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." Such federal question jurisdiction may arise from the initial pleading or from subsequent motions, pleadings or other papers where the federal question is first able to be ascertained. 42 U.S.C.A. 1446(b).

2. Federal question jurisdiction arises from the initial pleading and Plaintiff's assertions for violations of the Federal Motor Vehicle Information and Costs Savings Act, 49 U.S.C. §32701 *et seq*.

3. This Court has supplemental jurisdiction over related Alabama State law claims asserted in this action pursuant to 28 U.S.C. §1367.

## III. VENUE

4. Venue in this District is proper pursuant to 28 U.S.C. §1391 (b) and (c) because the majority of the Defendants conduct business and/or maintain their principal place of business in the Northern District of Alabama, and the wrongful conduct out of which Plaintiff's claims arise occurred within the Northern District of Alabama.

5. All Defendants are found, do business in, and transact business, within this District.

## +-IV. PARTIES

**Plaintiff**

6. Plaintiff **MICHAEL COST** is an individual whose residence is located within the Northern District of Alabama.

**Defendants**

7. Defendant **HOOVER CH, LLC** is a foreign limited liability company which does business under the name "Hendrick Chevrolet" and "Hendrick Automotive Group" (hereinafter referred to as "Defendant" or "Hendrick"). Hendrick Chevrolet is in the business of selling new and used cars and owns and operates its principal place of business at its dealership located at Montgomery Highway in Hoover, Alabama, within the Southern Division of the Northern District of Alabama. Through information and belief Hoover CH, LLC and HCDJHA, LLC share employees, the same addresses, and are the same entity.

8. Defendant, **HCDJHA, LLC**, is a foreign limited liability company doing business as " Hendrick Chrysler Jeep Dodge Ram" and "Hendrick Automotive Group" (hereinafter referred to as "Defendant" or "Hendrick"), whose principal

place of business is located within the Southern Division of the Northern District of Alabama. Through information and belief Hoover CH, LLC and HCDJHA, LLC share the same employees, share the same addresses, and are the same entity.

9. Defendant, **Edward A. Woods d/b/a Eagles Auto Sales ("Eagles Auto")** is an individual and a resident of Shelby County, Alabama within the Southern Division of the Northern District of Alabama.

10. Defendant, **Lisa Woods d/b/a Eagles Auto Sales ("Eagles Auto")** is an individual over the age of nineteen and through information and belief a resident of Shelby County, Alabama within the Southern Division of the Northern District of Alabama.

11. Defendant **Michael Manning** is an individual over the age of nineteen and through information and belief a resident of Shelby County within the Northern District of Alabama.

12. Defendant, **Santander Consumer U.S.A, Inc.** ("Santander") is a foreign Corporation who does business in the Northern District of Alabama. Pursuant to § 16 C.F.R. 433 Santander has liability as the holder of the consumer credit financing contract made the basis of this suit.

13. In doing the acts and omissions alleged in this Complaint, the Defendants, conspired with and among other individuals and entities whose names are currently unknown, to engage in the conduct made the subject of this Complaint, and acted as

agents of one another, pursuant to a common goal or scheme, to carry out the wrongful conduct and to conceal that conduct.

14. Furthermore, after receiving notice of the matter alleged herein, Defendants, Hendrick and Santander Consumer USA, Inc. had a duty under the Code of Alabama, 1975 32-8-1, *et seq.* and the Motor Vehicle Information Costs Savings Act 49 U.S.C. § 32701 *et seq*, to correct and remedy the alleged conduct in order to prevent further damage to the public. They failed to do so.

## V. FACTUAL ALLEGATIONS

15. On or about April 16, 2016, the Plaintiff, Michael Cost, visited Hoover CH, LLC d/b/a Hendrick Chevrolet located at 1620 Montgomery, Hwy, in Hoover, Alabama 35216 to shop for a used pickup truck.

16. At that time, Plaintiff was shown what was purported to be a white 2013 Chevrolet Silverado Crew Cab pick-up truck. At all times the Vehicle Identification Number on the vehicle was listed as xxxxxxxx153840.

17. At all times during the transaction Plaintiff was assured by representatives of Hendrick orally and in writing that the vehicle had 50,419 miles and that Hendrick owned the vehicle in question, and could certify both the mileage on the vehicle as well as its title.

18. Based upon the representations of the dealership, Plaintiff agreed to purchase the above described automobile.

19. At that time, Hendrick agreed to provide financing for the vehicle and had Mr. Cost execute a Retail Installment Sales Contract, Vehicle Order Form, an Alabama Application for Certificate of title, a Federal Odometer Statement and a Power of Attorney. After executing the documents Hendrick assigned the contract to BMW Financial Services.

20. Through a portfolio purchase the retail installment sales contract was later assigned to Defendant, Santander Consumer USA, Inc. Santander is now the "holder" of the consumer credit contract.

21. Since the date of assignment, Plaintiff has made timely payments on the automobile to Santander Consumer USA, Inc.

22. On or about January 2020, Plaintiff was working underneath his vehicle attempting to gather information to install a lift kit on the truck.

23. In inspecting the parts on the truck, Plaintiff learned that the VIN plate on the driver's side of the windshield and the Plaintiff's paperwork did not match the other parts of the vehicle.

24. Through further investigation the Plaintiff learned that his vehicle had a "clone" vehicle currently titled in Massachusetts with the same VIN. Plaintiff also learned that the history of the Vehicle Identification Number showed that the vehicle

associated with the VIN was in a previous accident and had been determined to be a total loss vehicle in 2015. Plaintiff also learned that it had been reported as a salvaged vehicle and that the vehicle with Plaintiff's VIN was being used on two separate vehicles.

25. Plaintiff contacted his local police department to inform them of what he had found out.

26. Through discussions with police and further investigation, Plaintiff learned that the VIN being reported to OnStar, and through the power control module on his truck, matched a 2013 Silverado truck reportedly stolen from the Alexander City, Alabama area.

27. On or about February 6, 2020, Plaintiff returned to Hendrick Chevrolet to report that the vehicle's VIN plates did not match the vehicle and that the vehicle sold to him by Hendrick was a stolen vehicle. Plaintiff also reported to Hendrick that another "clone" vehicle matching his vin plate was a titled in Massachusetts.

28. At that time, Hendrick inspected and test drove the vehicle. Plaintiff was informed that by representatives of Hendrick that he could sell the vehicle back to Hendrick as a "trade in" for the purchase of another vehicle but that the dealership would do nothing else. When Plaintiff protested stating that Hendrick had sold him a vehicle that was stolen, the finance manager at Hendrick responded: "There is nothing you can do about it".

*The reported History of the vehicle (VINxxxxxxxxx*153840)

29. Through information and belief the subject vehicle was manufactured by General Motors sometime in 2012.

30. It was first offered for sale on or about August 24, 2012 by Sun Chevrolet Co, located in Canonsburg, Pennsylvania.

31. On April 10, 2013 the vehicle was reported purchased and titled as Pennsylvania Title #7190309201. The mileage reported at that time was 6 miles.

32. On or about March 25, 2014 the subject vehicle was inspected in Pennsylvania and passed an emissions test. The mileage reported at that time was 14,285.

33. On or about April 7, 2015 the vehicle was reported in an automobile accident involving the rear and side impact in which the airbags were deployed, and the vehicle had to be towed.

34. On or about April 28, 2015, Erie Insurance Exchange reported the vehicle as a total loss as a result of the damage suffered in the collision.

35. On or about June 2, 2015, a Salvage Title/Certificate was issued by the state of Pennsylvania. Up to that point, there is no record of the vehicle ever being reported as titled in Mississippi or Alabama.

*How VIN ***********153840 came to be reported in the Alabama State Records;*

*Eagles Automotive acquisition of the 2013 Silverado*

36. On or about June 23, 2015, Defendant, Eagle Auto Sales, submitted an Alabama Application for Certificate of Title #**ET11568345** reporting the Seller of the 2013 Chevrolet Silverado as Eagle Auto Sales and buyer/owner of the automobile as Mike Manning. The odometer mileage listed on the vehicle was 47, 512 miles at the time of purchase. Along with the application for certificate of title Eagle Auto Sales submitted a document purported to be a Mississippi Certificate of Title.

37. According to the document represented as State of Mississippi Certificate of Title, the owner of the vehicle was identified as Rhonda Dickson of Jackson Mississippi. The Mississippi Certificate of Title indicated that Rhonda Dickson had purchased the vehicle on or about February 24, 2012 and at the time of issuance of the title that the vehicle mileage listed was 5,683. There is no other conveyance listed on the back of the Mississippi Certificate of Title until June 23, 2015. See Exhibit "C".[1]

38. On June 23, 2015 Rhonda Hickson executed the back of the document purporting to be a Mississippi Certificate of Title stating that:

[1] As of the date of this filing, attorneys have not been able to verify that an actual Mississippi Certificate of Title was ever issued for this automobile. Nor can the attorneys verify the whereabouts of the person Rhonda Dickson at this time.

**"The undersigned hereby certifies that the vehicle described in this sale has been transferred to the following printed name and address, with warranty to be free of all encumbrances except as shown at bottom of page"**

39. The document purporting to be a Mississippi Certificate of Title listed the buyer as the Defendant, Mike Manning, and the place for the buyer's signature reflects that it was signed by Defendant, Mike Manning. See Exh. "C".

40. The back of the document purporting to be a Mississippi Certificate of Title does not list Eagles Auto Sales as ever being the buyer of the automobile. See Exh. "C"

41. On or about June 30, 2015, the Alabama Department of Revenue wrote Eagles Automotive informing it that Application for Certificate of title #**ET 11568345** had been rejected. The reason given for the rejection was that:

**"The seller information must be typed on the title application and it must agree with supporting documents. If incorrect, a new title application is required. Alterations on the title application are not acceptable."**

42. On or about July 6, 2015, Eagles Auto Sales submitted a new Application for Alabama Certificate of Title **#ET11624055**. The date of the sale was listed as 6/23/2015. The seller was listed as Rhonda Hickson and the owner was listed as Michael Manning.

43. On or about July 16, 2015, the Alabama Department of Revenue contacted Defendant Eagles Auto Sales informing them that application #**ET11624055** had been rejected. The Alabma Department of Revenue also notified Eagles Auto Sales that an affidavit of correction would need to be submitted along with a new Application for Certificate of Title.

44. On or about July 23, 2015 Defendant, Lisa Woods d/b/a Eagles Auto Sales, notarized the signatures of both Mike Manning and Rhonda Dickson on the official Alabama Department of Revenue Affidavit of Correction to a Document to Support an Application for a Certificate of Title. The reason provided for the affidavit was that **"Rhonda Hickson had signed in the wrong areas" "No fraud intended."**

44. In signing the Alabama Department of Revenue Affidavit of Correction to a Document to Support an Application for a Certificate of Title the Defendants listed the type of correction as "**Re-Assignment of Title by Licensed Motor-Vehicle Dealer."**

45. The next day, Defendant Eagles Auto Sales submitted a new Alabama Department of Revenue Application for Certificate of Title listing the Defendant Mike Manning as the owner and Rhonda Dickson as the seller. All the documents reflected that the 47,512-mile **Odometer Reading is the Actual Mileage**. The

Gross Selling price of the vehicle listed on the Application for Certificate of Title was $12,000.00

46. On or about August 3, 2015 The Alabama Department of Revenue issued an Alabama Certificate of Title **#50707101** identifying Mike Manning as the owner of the automobile. There is no lienholder listed on the application.

47. On or about April 16, 2016, eight months later, Mike Manning sold the vehicle to Defendant Hendrick. Manning signed the back of the Alabama Certificate of Title, certifying the mileage of 50,419 and representing himself as the owner of the automobile.

48. On April 16, 2016, Hendrick Chevrolet sold the 2013 white pickup truck to the Plaintiff, Michael Cost certifying the mileage to be 50,419. The gross selling price of the truck was stated to be $21,000.00.

*The conflict between two vehicles in two different states with the same VIN*

49. On or about May 1, 2016 the Massachusetts Motor Vehicle Department issued a rebuilt title BR229422 identifying the vehicle as a grey/silver 2013 Chevrolet Silverado VIN# xxxxxxxxx153840. The odometer reading was reported as 30,216.

50. On or about May 26, 2017 the state of Massachusetts reported the vehicle passed a safety inspection. At the time of the inspection, the mileage was identified as 42,746.

51. On or about January 23, 2018 the state of Massachusetts reported that the vehicle was involved in another automobile accident.

52. During the years 2018 and 2019, the state of Massachusetts reported the vehicle inspected on two separate occasions.

53. On or about February 7, 2020 the grey/silver 2013 Chevrolet Silverado was reported as sold again, and a new rebuilt title was issued by the state of Massachusetts.

54. The very purpose of manufacturers such as General Motors providing a vehicle identification number along with a manufacturer's certificate of origin is to ensure that each vehicle manufactured and sold will have a record of both the mileage and clear chain of title. In doing so, no two vehicles manufactured in the United States have the same VIN.

55. Plaintiff relied upon the previous representations of Hendrick, Eagles Auto Sales, and Mike Manning by viewing the mileage listed on the vehicle's odometer, and by verifying the odometer mileage on the bill of sale. Plaintiff relied upon said representations by purchasing the vehicle, purchasing insurance, registering the vehicle and taking reasonable steps associated with ownership of the vehicle.

## **VI. CAUSES OF ACTION**

## **ALTERNATIVE PLEADINGS**

56. As contemplated under Federal Rule of Civil Procedure 8(d)(2) Plaintiff alleges that the occurrences made the subject of this complaint require that Plaintiff plead one or more of the following counts, or, in some cases, one or more of the individual claims thereof, in the alternative, where inconsistency may arise in their application.

## COUNT ONE:

## VIOLATIONS OF THE MOTOR VEHICLE INFORMATION COST SAVINGS ACT - 49 U.S.C. 32701 *et seq* (FEDERAL ODOMETER ACT)

## - All Defendants -

57. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

58. As part of its routine course of business, and as mandated by federal and state law including the Motor Vehicle Information and Cost Savings Act ("MVICSA") codified at 49 U.S.C. 32701 *et seq*, automobile dealerships such as the Defendants Eagles Auto and Hendrick, and members and agents of said dealerships, including, but not limited to Defendants, Edward Woods and Lisa Woods, provide purchasers of the automobiles with an "Odometer Disclosure Statement" certifying the accuracy of the odometer as well as the mileage on the vehicle at the time of transfer.

59. This transfer is recorded on the sales documents, and specifically on the official state documents, including the Alabama Application for Certificate of Title and the Certificate of title by the issuing state. The transfer of ownership date listed on the Odometer Disclosure Statement is certified and dated the same date the original Motor Vehicle Sales Contract is signed. Other disclosures may be, and as set forth herein, made on other forms such as "Alabama Secure Power of Attorney" and "Affidavit of Correction to a Document to Support an Application for a Certificate of Title." See Exhibits A, B, C.

60. By their conduct, and as set forth herein, Defendants induced the Plaintiff to purchase the automobile and certify mileage that was known by the Defendants to be inaccurate and/or false, and which was based on the Defendants' fraudulent conduct.

61. Defendants violated both state and federal laws that require the Defendants to stop the spread of stolen vehicles in interstate commerce as well as create an accurate and permanent public record on secure documents that accurately disclose the odometer reading at the time of each sale.

62. By its conduct, Defendants, acting in concert and/or individually, willfully, and with the intent to defraud, violated the Federal Odometer Act in one or more of the following respects:

a. Defendants intentionally, and/or recklessly sold automobiles which were previously stolen for which they did not have, nor could ever obtain, clear transferrable title.

b. Defendants altered or caused to be altered the odometer of the subject automobile with the intent to change the number of miles indicated;

c. Defendants, in making odometer disclosures, gave false statements to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4;

d. Pursuant to 49 U.S.C. §32705, an odometer disclosure should have been created on the official title document for the sale of the automobile to the Plaintiff;

e. Defendants have otherwise violated the Federal Odometer Act, or a regulation prescribed, or order issued under the Act.

63. As a result of the above violations of the Federal Odometer Act, Defendants are each liable to the Plaintiff for the greater of three-time actual damages, or $10,000.00, attorney's fees and costs, plus punitive damages.

64. Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award statutory damages as outlined above as well as compensatory damages in an amount a jury deems appropriate to compensate the Plaintiff for his loss of monies, incidental and consequential damages, attorney's fees and costs of this proceeding as well as punitive damages to deter such conduct in the future.

## COUNT TWO: WANTONESS/NEGLIGENCE

### - All Defendants -

65. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

66. Defendants owed the Plaintiff, each and every future purchaser of 2013 Chevrolet Silverado, the state of Alabama, and the general public at large, a duty not to be wanton/negligent in their conduct both before and after the sale of the vehicle. Defendants owed Plaintiff a duty of care and professionalism in the rendition of services, in training and supervising its employees to perform those services in full compliance with the laws of the State of Alabama and the Federal government, in not engaging in or allowing its agents to engage in the wrongful practices herein alleged, in not misrepresenting, suppressing or concealing such activities, or enabling its agents to do so, and violate state and federal regulations and statutes, including, but not limited to: a) Uniform Certificate of Title and Anti-Theft Act

Code of Alabama 1975 as amended §32-8-1, *et seq;* b) Motor Vehicle Information Costs Savings Act (Federal Odometer Act) 49 USC § 32701 *et seq*.

67. As described herein, Defendants, singularly, in concert, and/or by and through its agents, employees, owners, members, managers and/or officers, willfully and wantonly violated the above state and federal statutes and regulations and/or ratified or adopted the conduct after the fact, which includes, but is not limited to the following:

a) Representing to the public at large, including the Plaintiff, and the State of Alabama, that the 2013 Chevrolet Silverado made the subject had a clear title at the time of transfer;

b) Representing to the public at large, including the Plaintiff, and the State of Alabama, that the 2013 Chevrolet Silverado made the subject of this action could be certified as having been driven 50,419 miles at the time of transfer from Hendrick Chevrolet to Michael Cost;

c) Representing that the odometer cluster had not been replaced, was working properly, the mileage could be certified, and that any mileage discrepancy on the title was the result of a clerical error;

d) Refusing to correct false disclosures previously made under Alabama and Federal law even after being made aware of the discrepancy; withholding information concerning the vehicle's prior mileage, and

withholding information when it was under a duty to speak truthfully and fully.

68. Such conduct amounts to a wanton and/or "negligence per se" breach of the duties owed to the Plaintiff, and such breaches arose out of the negligent or wanton conduct of the Defendants and those who acted in concert or conspiracy with them or acted as their agents, servants or employees, and in the line and scope of their business, contractual and statutory duties, to engage in material misrepresentations to Plaintiff in order to preserve and protect the financial interest of Defendants.

69. By its conduct the Defendants breached said duties to the Plaintiff and was wanton, reckless and/or negligent.

70. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to:

a) Increased purchase costs;

b) increased taxes;

c) Increased finance costs;

d) Increased insurance costs;

e) Increased repair costs;

f) ss well as additional costs, plus attorney's fees.

71. Santander, as assignee of the RISC, is liable, pursuant to § 16 C.F.R. 433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount a jury deems appropriate to compensate the Plaintiff for his loss of monies, incidental and consequential damages, , attorney's fees and costs of this proceeding as well as punitive damages to deter such conduct in the future.

**COUNT THREE:**

**FRAUD/MISREPRESENTATION/FRAUDULENT SUPRESSION**

**- All Defendants -**

72. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

73. From June 23, 2015 to present, Eagles Auto Sales and Mike Manning, knowingly and intentionally represented to the public at large that the 2013, white Chevrolet Silverado made the subject of this action:

a. The vehicle being sold and attempting to be titled in the State of Alabama was in fact the vehicle manufactured by Chevrolet and identified as VIN xxxxxxxx153840.

b. That the odometer disclosed on the vehicle and in the odometer, disclosures was in fact actual mileage on the vehicle;

c. That the Defendants had clear and unencumbered title and that said vehicle was not a stolen vehicle;

d. That the affidavit of correction filed with the State of Alabama Department of Revenue was true and correct;

e. That Rhonda Hickson was known to the Defendants, Eagle Auto Sales and that her signature could be notarized by Lisa Woods;

f. That the document identified as Mississippi Certificate of Title was in fact a true and correct copy of an actual State of Mississippi Certificate of Title and not a counterfeit;

g. That all of the VIN plates on the vehicle were the original VIN plates installed by the manufacturer and had not been removed or altered;

74. On or about April 16, 2016 the Defendants Mike Manning and Hendrick Chevrolet made the following misrepresentations of material fact:

a. The vehicle being sold and attempting to be titled in the State of Alabama was in fact the vehicle manufactured by Chevrolet and identified as VIN xxxxxxxx153840.

b. That the odometer disclosed on the vehicle and in the odometer, disclosures was in fact actual mileage on the vehicle;

c. That the Defendants Manning and Hendrick had clear and unencumbered title to the vehicle being sold to the Plaintiff and that said vehicle was not a stolen vehicle;

d. That Hendrick had performed a thorough inspection of the vehicle and that the vehicle was in fact the vehicle identified as represented;

e. That the VIN, title and vehicle had been thoroughly inspected and that the Hendrick could warrant the title to the automobile;

f. That Hendrick's policies and procedures as a designated title agent for the Alabama Department of Revenue were the same as the Alabama Department of Revenue and that it would act as a designated title agent for the Alabama Department of Revenue in all aspects of the transfer of title to the automobile;

g. That it had conducted an adequate inspection of the VIN plate to confirm that it matched the number identified on the title, and on the paperwork, provided to the Plaintiff;

h. That Hendrick actually owned the 2013 Chevrolet Silverado manufactured by GM and Chevrolet and identified as VIN xxxxxxxx153840.

i. That Hendrick would and did act in accordance with the guidelines set out for designated title agents for the State of Alabama Department of Revenue

to warrant and properly transfer the title on the vehicle being sold to the Plaintiff.

j. That Hendrick conducted a vehicle record inspection sufficient to notify Hendrick of any reason Hendrick could not sell or warrant title to the above vehicle made the subject of this action.

75. Through this non-disclosure of the fact that the vehicle was stolen, mileage status, and condition of the vehicle, all Defendants caused Plaintiff to take delivery and be in possession of a stolen vehicle, pay a higher purchase price, suffer other increased costs, and other incidental and consequential expenses, to his detriment. Furthermore, even after said misrepresentations were brought to the attention of Hendrick and Santander, rather than correcting title and communicating with law enforcement, Hendrick and Santander refused to do anything, thus ratifying and endorsing prior Defendants acts and conduct described herein.

76. The Defendants representations as to the title, VIN, and mileage were false. Defendants Hendrick, Manning and Eagles Auto Sales knew they were false at the time they were made and either: a) intentionally and willfully made said representations; b) recklessly or negligently made said representations, thereby causing the Plaintiff to reasonably rely upon them; or, c) innocently or mistakenly made said representations in such a way to cause the Plaintiff to reasonably rely upon them. Santander ratified the prior misrepresentations by holding Plaintiff responsible

for accepting and continuing to enforce payments on a vehicle for which the Plaintiff did not have title to.

77. Throughout the months of February and March of 2020, Plaintiff gave the Defendants Hendrick and Santander notice that the vehicle Plaintiff had purchased was in fact a stolen vehicle. Plaintiff also provided Hendrick and Santander an opportunity to reinspect the vehicle's VIN and correct the title information. Rather than take action to correct the sale of a stolen vehicle, both Santander and Hendrick sought to keep and profit from the sale of stolen vehicle.

78. On or about February 6, 2020, Hendrick once again attempted to continue to profit from the sale of by telling the Plaintiff that it would purchase the vehicle back from the Plaintiff as a greatly reduced price as a trade in vehicle for a newer vehicle at full price! Plaintiff refused.

79. On or about March 2020, Plaintiff contacted Santander Consumer USA, Inc. in an attempt to notify it of the fact the vehicle Plaintiff purchased had been stolen. Santander refused to return any of the Plaintiff's money but instead informed Plaintiff that it intended to keep all of the Plaintiff's payments made to date.

80. In affirming, ratifying and continuing to profit from the all of the Defendants wrongdoing, attempting to induce the Plaintiff to transfer the title to the vehicle in such a way as to once again profit from the sale of stolen goods, continuing to withhold or correct the proper title disclosures under Alabama and Federal law including

withholding information concerning the vehicle's prior theft and improper mileage, when it was under a duty to speak truthfully and fully, Defendants willfully, recklessly, innocently misrepresented and/or fraudulently suppressed material information. Had this information been available to the Plaintiff at the time of sale, would have resulted in the Plaintiff not purchasing the vehicle.

81. Plaintiff reasonably relied upon said representations by purchasing the vehicle. Plaintiff also reasonably relied upon these representations by incurring expenses and costs consistent with exercising ownership rights in the vehicle, making repairs to the vehicle, and purchasing worthless insurance.

82. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to:

a) Increased purchase costs;

b) increased taxes;

c) Increased finance costs;

d) Increased insurance costs;

e) Increased repair costs;

f) as well as additional costs, plus attorney's fees.

83.Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount a jury deems appropriate to compensate the Plaintiff for his actual damages including loss of monies, incidental and consequential damages, attorney's fees and costs of this proceeding as well as punitive damages to deter such conduct in the future.

**COUNT FOUR: BREACH OF FIDICIARY DUTY**

**- Defendants, Eagles Auto and Hendrick-**

84. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

85. By their conduct, the Defendants, Eagles Auto Sales and Hendrick, as designated agents for title transfer for the State of Alabama, breached their fiduciary duty as title agent for the State of Alabama, and has acted in a commercially unreasonable manner and in bad faith in an effort to cover up their own wrongdoing.

86. Plaintiff, as a purchaser of the subject vehicle, is a member of that class to whom Defendants owe a duty to (a) act in a commercially reasonable manner; (b) to act in good faith; (c) to not commit perjury in filing false odometer disclosures; and (d) not

to commit perjury in filing false affidavits as to the subject vehicle's mileage; and ( e) not attempt to profit from the possession, receiving and sale of automobiles. By its conduct, Defendants breached these duties and the fiduciary duties of a designated title agent of the state of Alabama and Plaintiff was injured as a result of said breaches.

87. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to:

a) Increased purchase costs;

b) Increased taxes;

c) Increased finance costs;

d) Increased insurance costs;

e) Increased repair costs;

f) Additional costs, plus attorney's fees.

88. Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court award damages in an amount appropriate to compensate his loss of monies, refund of the purchase price of the vehicle, incidental and consequential damages, punitive

damages to deter said conduct in the future as well as costs of this proceeding and attorney's fees in an amount a jury may deem appropriate. Plaintiff also requests statutory damages as outlined under the above provisions.

**<u>COUNT FIVE:</u>**

**<u>NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION</u>**

**<u>- All Defendants -</u>**

89. The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are repeated and incorporated by reference in this Count.

90. Defendants owed Plaintiff a duty of care and professionalism in the rendition of services, in training and supervising their employees to perform those services in full compliance with the laws of the State of Alabama and the Federal government, in not engaging in or allowing its agents to engage in the wrongful practices herein alleged, in not suppressing or concealing such activities, or enabling its agents to do so, and in terminating or otherwise disciplining those employees known to have violated company policies, state laws or regulations by engaging in the misconduct herein alleged, or employees known to have suppressed material information or to have made material misrepresentations to Plaintiff.

91. Defendants owed duties to Plaintiff in putting forth loyal, honest, and fair dealing employees who act in compliance with Federal and State law, contractual and other obligations that arise from the special or confidential relationship between the parties, Alabama statutes and regulations governing the automotive industry, and Defendants' superior knowledge of the automobile industry, the duties of a designated agent for title transfers and its practices.

92. Defendants and its employees and agents are among those exclusively licensed by the State to provide title transfer services to vehicle purchasers. Future purchasers of the automobile, including the Plaintiff, must rely on licensed professionals such as the agents of Defendants because they are the only group that can provide such services by law, and are purportedly acting on behalf of the Alabama Department of Revenue to assist in the proper transfer titles.

93. Defendants breached its duty by negligently hiring, retaining, training and supervising employees who would carry out Defendants duties to the Plaintiff.

94. Defendants further breached their duty to the Plaintiff by hiring and retaining employees known to have violated state and/or Federal laws relating to the mandatory disclosures required at the time of vehicle purchases, the timely transfer of vehicle titles, the use of official power of attorney forms to effectuate the proper and timely transfer of vehicle titles, and the conduct permitted by law in the representation, charge and collection of fees for government officials of said

vehicles. These employees are known to have violated Defendants' stated company policies and procedures regarding the sale of automobiles, proper transfer of titles, mandatory disclosures and rules and regulations regarding the repossession of automobiles within the automotive industry.

95. Defendants' negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.

96. Defendants, through its agents, breached the duties owed to the Plaintiff, and such breaches arose out of the negligent or wanton conduct of the Defendants and those who acted in concert or conspiracy with it or acted as its agents, servants or employees, and in the line and scope of its business, contractual and statutory duties, to engage in material misrepresentations to Plaintiff in order to preserve and protect the financial interest of Defendants.

97. Defendants knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public from unscrupulous, dishonest, and deceptive practices by its agents and employees. Defendants knew, or should have known, that its policies and practices in training, supervising and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices thus were the actual and proximate cause of Plaintiff's injuries.

98. Plaintiff has incurred damages proximately caused by Defendants' negligence, in training, supervising and retaining their employees. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to:

a) Increased purchase costs;

b) increased taxes;

c) Increased finance costs;

d) Increased insurance costs;

e) Increased repair costs;

f) as well as additional costs, plus attorney's fees.

99. Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for its loss of monies, and incidental and consequential damages, in the amount to be determined by a jury as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SIX: BREACH OF EXPRESS WARRANTIES

**- All Defendants -**

100. Plaintiff adopts and re-alleges all of the material allegations and averments contained in the above and foregoing paragraphs as if fully set forth herein.

101. Prior to the Plaintiff's purchase of the subject vehicle, Defendants, Eagles Auto Sales, Mike Manning, and Hendrick Chevrolet, offered express warranties on the face of the certificate of title and the vehicle including but not limited to: a) that the mileage recorded on the Alabama Certificate of Title was the correct mileage, b) that the vehicle's mileage was substantially lower than it actually was; and, c) that the disclosures contained on the sales documents were true and correct.

102. Plaintiff is part of the class of persons intended to be the third-party beneficiaries of the representations made by the Defendants on the Certificate of title. By its conduct, Defendants breached express warranties to the Plaintiff, including, but not limited to, those set forth in Uniform Commercial Code § 2-312 and § 2-313, and the codification of same under the Code of Alabama § 7-2-312 and § 7-2-313.

103. As a proximate result, the Plaintiff has been caused to suffer loss of monies, incidental and consequential damages, loss of value to the vehicle, additional costs incurred with replacing the vehicle, costs plus attorney's fees.

104. Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this court will award damages in an amount appropriate to compensate him for his loss of monies, incidental and consequential damages, in an amount to be determined by a struck jury plus attorney's fees and costs of this proceeding.

## COUNT SEVEN: UNJUST ENRICHMENT

### - All Defendants -

105. Plaintiff adopts and incorporates all preceding paragraphs as if fully stated herein.

106. Defendants have received a benefit at the expense of Plaintiff. By selling stolen vehicles, altering the VIN plates, and other practices alleged in this Complaint, Defendants received unlawfully inflated profits on its sale to Plaintiff.

107. Defendants intended to and have benefited from the unlawful scheme by, among other things, selling vehicles to buyers with inaccurate mileage reading and rolled-back odometers, increasing profits from fraudulently inflated sales prices or vehicle values, and receiving additional profits from the sale thereof.

108. It is unjust and inequitable to permit Defendants to retain the benefits they have obtained through its unlawful scheme by means of violating state and federal statutes, false pretenses, representations or promises. The financial benefits obtained

by Defendants should not, in fairness, be retained by them but rather should be paid and returned to Plaintiff.

109. As a direct and proximate result of the inequitable conduct by Defendants, its agents, and/or its employees, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to:

a) Increased purchase costs;

b) increased taxes;

c) Increased finance costs;

d) Increased insurance costs;

e) Increased repair costs;

f) as well as additional costs, plus attorney's fees.

110. Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this court will award damages in an amount appropriate to compensate him for his loss of monies, incidental and consequential damages, in an amount to be determined by a struck jury plus attorney's fees and costs of this proceeding.

## COUNT EIGHT: FRAUDULENT CONCEALMENT

**- All Defendants -**

111. Plaintiff adopts and incorporates all preceding paragraphs as if fully stated herein.

112. When purchasing an automobile, buyers such as Plaintiff trusted all person and entities in the chain of title of the vehicle, including Defendants and its agents, employees, officers, members, owners and/or managers, to provide truthful information on the title disclosures, during the title disclosure process, and to honestly handle its duties under applicable federal and state statutes, as well as the duties owed as a designated title agent for the State of Alabama.

113. As a routine practice of Defendants in the process of executing vehicle title documents, Defendants, its agents, employees, officers, members, owners and/or managers, hid and/or withheld important facts from Plaintiff, including without limitation, that Defendants, its agents, employees, officers, members, owners and/or managers, fraudulently altered the odometer and/or mileage on the automobile made the subject of this action, misrepresented the vehicle's mileage and certifications, and were selling Plaintiff a vehicle with a false VIN plate that had been stolen.

114. Plaintiff was harmed when Defendants, its agents, employees, officers, members, owners and/or managers, hid or withheld these important facts from Plaintiff regarding the vehicle. It was the intention of Defendants that these facts be secret, concealed, hidden, and undisclosed, in order that Defendants' scheme and

pattern and practice of selling stolen vehicles with false mileage certifications and false VIN plates, continue without detection, for the purpose of increasing profit to Defendants.

115. Defendants, its agents, employees, officers, members, owners and/or managers, had a duty to disclose these facts to Plaintiff. Defendants, their agents, employees, officers, members, owners and/or managers, were acting and appointed as designated title agents for the state of Alabama and subject to state and federal laws regarding vehicle titling. There is an inherent disparity of knowledge between Plaintiff, and the public at large, and Defendant, its agents, and/or its employees, as to the Defendants' treatment of the vehicles and title prior to Plaintiff's possession/acquisition of same. Defendants used this disparity to facilitate the deception.

116. The facts withheld by Defendants, its agents, and/or its employees were material to Plaintiff, and to the public at large. Plaintiff would not have executed the closing documents and purchased the vehicle had he known that Defendants, its agents, and/or its employees had withheld these material facts from Plaintiff.

117. As a direct and proximate result of the fraudulent concealment by Defendants, its agents, and/or its employees, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to:

a) Increased purchase costs;

b) increased taxes;

c) Increased finance costs;

d) Increased insurance costs;

e) Increased repair costs;

f) additional costs, plus attorney's fees.

118. Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this court will award damages in an amount appropriate to compensate him for his loss of monies, incidental and consequential damages, in an amount to be determined by a struck jury plus attorney's fees and costs of this proceeding.

## COUNT NINE: REQUEST FOR INJUNCTIVE RELIEF

### - All Defendants -

119. Plaintiff incorporates by reference all of the material allegations set forth in the above paragraphs as if fully set forth herein.

120. Plaintiff and the general public will suffer irreparable injury unless the conduct of the Defendants alleged in the above and foregoing paragraphs is halted, the Defendants are educated, trained, and made to comply with its duties as a designated

title agent for the State of Alabama, and comply with the laws of the State of Alabama and the United States of America. Furthermore, the Defendants should be enjoined to correct the disclosures on the title documents and recall any false/fraudulent affidavits made on the Silverado vehicle made the basis of this suit.

## COUNT TEN: CONSPIRACY

**- All Defendants –**

121. Plaintiff re-alleges the allegations set forth in the foregoing paragraphs and attached exhibits as if the same were set forth herein verbatim.

122. The following persons and parties participated in a civil conspiracy to commit fraud by commission and by omission, the purposes of which are detailed herein:

a) Hendrick Chevrolet;

b) Edward Woods d/b/a Eagles Auto Sales;

c) Lisa Woods d/b/a Eagles Auto Sales

d) Mike Manning;

e) Other unknown co-conspirators.

123. The civil conspiracy began on or before June 23, 2015, and existed at all times material to this lawsuit, and is believed to continue to exist at the present time. The primary goal of the conspiracy was to profit through the sale of stolen vehicles on which the odometers had been caused to indicate lower mileages than the vehicle

has actually been driven, and for which the motor vehicle titles had been "washed" or altered to reflect the new and false mileage.

124. More specifically, the purposes of the conspiracy were/are:

a. To knowingly and intentionally lie to, and deceive purchasers of vehicles as to the vehicle's VIN, title status, and vehicle history as well as the actual mileage on the vehicle being sold to them by one or more of the members of the conspiracy;

b. To cause the vehicle's odometers to indicate mileages than the vehicle had actually been driven, and certify this mileage as being accurate, true, and correct, in order to obtain false certificates of title which would then be used to sell the vehicles in interstate commerce;

c. To sell stolen vehicles with washed titles;

d. To profit from the aforedescribed scheme through the sale of stolen vehicles;

125. The conspirators agreed to carry out the purpose of the conspiracy listed above and did actually carry out this scheme in the sale of the vehicle made the subject of this action. The conspirators participated in and cooperated with each other in the conspiracy. Each act of the conspiracy was ratified by other co-conspirators, who acted as each other's agents, and still continue to do so.

126. The conspirators, acting in concert, performed numerous overt acts to further the purposes of the conspiracy. Because many of these acts were concealed, plaintiff is not able to state all overt acts, but sets forth the allegations of this complaint as an example.

124. As a result of the conspiracy alleged above, plaintiff was deceived by the acts undertaken in furtherance of the conspiracy into believing that the subject vehicle 1) had a clean title with no encumbrances; 2) that the vehicle was not a stolen vehicle; 3) that the mileage on the vehicle could be certified; 4) that the plaintiff had an insurable interest in the vehicle and that such a vehicle was insurable; 5) that said vehicle could be operated legally on the roads in Alabama. Additionally, the state of Alabama, and the public at large, was deceived as to the mileage of the subject vehicle.

127. The Plaintiff was lured into executing contracts for purchase which were based upon the vehicle's mileage and title.

128. As a proximate result of the conspiracy, Plaintiff was injured and damaged, including, but not limited to the following ways:

a) Increased purchase costs;

b) Increased taxes;

c) Increased finance costs;

d) Increased insurance costs;

e) Increased repair costs;

f) Additional costs, legal expenses, plus attorney's fees.

129. Santander, as assignee of the RISC, is liable, pursuant to 16 C.F.R. §433 et seq, for all claims and defenses which Michael Cost may have against Hendrick.

## VII. RELIEF REQUESTED

Plaintiff requests this Court enter an award against the Defendants as follows:

1. Award Plaintiff compensatory damages, and all statutory, exemplary damages and equitable relief permitted by law;

2. Award Plaintiff punitive damages as a result of the Defendants' fraudulent, willful, wanton and unlawful conduct;

3. Awarding Plaintiff all costs of prosecuting this action, together with interest and reasonable attorneys' fees;

4. Award a permanent injunction, or any other injunctive relief deemed appropriate, preventing the Defendants from acting as a designated title agent for the State of Alabama to process and transfer automobile titles until such time as its management and employees have corrected false information submitted to the Alabama Department of Revenue and been adequately trained and made to comply with all aspects of its duties as a designated title agent for the State of

Alabama, the Motor Vehicle Information Costs Savings Act and the Uniform Certificate of Title and Anti-Theft Act;

Respectfully submitted,

***/s/ Thomas C. Donald***
Thomas C. Donald
ASB-6795-A47D, DON041
ALABAMA CAR LAWYERS, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Fax: 205 802 7083
Email: cdonald@alabamacarlaw.com

***/s/ Michael E. Parrish***
Michael E. Parrish
ASB-5747-S69M, PAR075
ALABAMA CAR LAWYERS, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: (205) 547-5747
Email: mparrish@alabamacarlaw.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**Please serve Defendants at the following addresses:**

**Hoover CH, LLC d/b/a Hendrick Chevrolet**

**c/o Corporation Service Company, Inc.**

**641 South Lawrence Street**

**Montgomery, AL 36104**

**HCDJHA, LLC**
**c/o Corporation Service Company, Inc.**
**641 South Lawrence Street**
**Montgomery, AL 36104**

**Michael Manning**
**3404 Cahaba River Est.**
**Hoover, AL 35244**

**Edward Woods d/b/a Eagles Auto Sales**
**2068 Hwy 89**
**Montevallo, AL 35115**
**Lisa Woods d/b/a Eagles Auto Sales**
**2068 Hwy 89**
**Montevallo, AL 35115**